FILED
2022 Jan-20  AM 09:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **ROBERT GILBERT,** § § **Plaintiff,** § § **v.** § § **STEAK-OUT CHARBROILED** § **DELIVERY,** § § **Defendant.** § | **CIVIL ACTION NO.:** _____ **JURY DEMAND** |

## COMPLAINT

### I.   INTRODUCTION

1. Plaintiff brings this action under the Act of Congress known as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"), which provides for relief against discrimination in employment on the basis of race and retaliation related thereto. This suit is also brought to secure the protection of and to redress the deprivation of rights secured by 42 U.S.C. § 1981(a) (hereafter "§1981") which provides for relief against racial discrimination in employment and retaliation thereto.

### II.   JURISDICTION AND VENUE

2. The Court has jurisdiction of the subject of this action according to 28 U.S.C. §§1331, 1343(a) (4), 2201 & 2202; and 42 U.S.C. §2000e-5(f)(3).

3. The unlawful employment practices alleged herein below were

1

committed by the Defendant within Limestone County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(g).

### III. ADMINISTRATIVE EXHAUSTION

4. Plaintiff fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title VII. Plaintiff timely filed his Charge with the Equal Employment Opportunity Commission within 180 days of occurrence of the last discriminatory or retaliatory acts. Plaintiff also timely filed his claims with this Court within ninety (90) days of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

### IV. PARTIES

5. Plaintiff, Robert Gilbert, is an African American citizen of the United States, a resident of the State of Alabama, and a former employee of the Defendant.

6. Defendant, Steak-Out Charbroiled Delivery, is subject to suit under 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

### V. STATEMENT OF FACTS

7. Plaintiff is a black African-American formerly employed by the Defendant as a driver.

8. Since beginning work for the Defendant in August of 2019, the Defendant promised Plaintiff work, but terminated Plaintiff because of his race.

9. The Defendant assigned Plaintiff to smaller deliveries as compared to his non-black co-workers, and received less in total compensation as a result.

10. Non-black drivers would receive larger orders, and collect more in total compensation.

11. Plaintiff asked Shanna (LNU), his manager, why this was occurring, but Shanna could not provide a reasonable answer.

12. Plaintiff then went to Jody Crawford ("Crawford"), his hiring Manager, with the same issue.

13. Crawford told Plaintiff that managers determine which driver gets each order.

14. Plaintiff spoke to Nikki (LNU), the General Manager, about the same issue, but received no legitimate reason as to why black drivers were receiving smaller orders and tips.

15. After Plaintiff's meeting with Nikki, Shanna began sending Plaintiff home early.

16. On said days, Shanna told Plaintiff the Defendant was not busy enough to command his presence, but she allowed non-black drivers to work full workdays.

17. The Defendant was overwhelmed with business on most days where he was sent home.

18. Often, upon Plaintiff's return the following day, Plaintiff's co-workers

commented on how the Defendant could have benefitted from his work the day prior because the Defendant was inundated with orders.

19. Amanda (LNU), a co-worker, often told Plaintiff, she was unsure as to why Shanna sent him home because of the high volume of orders and deliveries.

20. Former co-workers of Plaintiff, including but not limited to Amber Wallace and Kelly (LNU), asked the Defendant if Plaintiff could work more because of the volume of business.

21. Plaintiff was in an accident in January which precluded the use of his car for further deliveries.

22. Shanna told Plaintiff he could not use the company truck because the insurance coverage had lapsed.

23. However, non-black drivers, including but not limited to Randy (LNU), drove the company truck for extended periods of time.

24. Some of these drivers were involved in accidents.

25. In fact, Randy, Shanna, and Betty (LNU) drove the company truck around the same time the Defendant told Plaintiff was told it was uninsured.

26. Plaintiff then brought in two other vehicles to deliver with, but the Defendant refused to allow Plaintiff to work.

27. One of the vehicles was a rental, and the Defendant told Plaintiff he could not use rental vehicles for deliveries.

28. Rebecca (LNU), a white Caucasian driver, was permitted to use a rental vehicle without any issues.

29. The Defendant approached Rebecca about her use of a rental vehicle, even after she informed them of said use.

30. Plaintiff continually asked to be notified when the Defendant remedied its alleged insurance issues with the company truck, but the Defendant refused to inform Plaintiff.

31. Since inquiring about the truck's insurance status, Plaintiff witnessed non-black drivers make use of the company truck for deliveries.

32. The Defendant removed Plaintiff from the schedule in August of 2020.

33. Further, when Plaintiff asked the Defendant if he could work for them in a different capacity, Plaintiff was told the store was not hiring.

34. The Defendant made the same representation to the unemployment office.

35. The following week Plaintiff noticed a "Now Hiring" sign, in direct contrast of the Defendant's assertions that the store was not hiring for any positions.

## VI. COUNT I: INTENTIONAL RACE DISCRIMINATION IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

36. Plaintiff incorporates by reference paragraphs 2-35 above, as if fully set forth herein.

37. The Defendant discriminated against Plaintiff because of his race,

5

African American.

38. Plaintiff is qualified for the job and the Defendant is aware of such.

39. Defendant treated Plaintiff differently than similarly situated non-African American employees with respect to the terms and conditions of his employment, including but not limited to compensation and the benefit of utilizing the company vehicle or rental vehicles for deliveries.

40. The defendant violated the proscription against race discrimination under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

41. The circumstances detailed above present a convincing mosaic of the Defendant's discriminatory intent.

42. As a proximate cause of said disparate treatment, Plaintiff suffered a loss of income and other benefits, mental stress, inconvenience, embarrassment, and humiliation.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Grant Plaintiff an order requiring the Defendants make him whole by paying him lost wages resulting from their discriminatory conduct (with interest), and by awarding him compensatory, punitive, and/or nominal damages;

B. Grant Plaintiff his attorney's fees and costs; and

C. Grant Plaintiff such other relief as justice requires.

## VIII. PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Grant Plaintiff an order requiring the Defendants make him whole by paying him lost wages resulting from their discriminatory conduct (with interest), and by awarding him compensatory, punitive, and/or nominal damages;

B. Grant Plaintiff his attorney's fees and costs; and

C. Grant Plaintiff such other relief as justice requires.

Dated: January 19, 2022

Respectfully submitted,

/s/ Eric C. Sheffer
**ERIC C. SHEFFER**
Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Eric C. Sheffer
**ERIC C. SHEFFER**

7